UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TINA PITTS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-038 RM |
| ) | |
| ELKHART COUNTY, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

On May 4, defendant Elkhart County moved to dismiss Ms. Tina Pitts's complaint for failing to state a claim upon which relief can be granted. For the following reasons, the court denies the motion.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not its underlying merits, *see* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court examines the "plaintiff's factual allegations and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff." Chavez v. Illinois State Police, 251 F.3d 612, 648 (7th Cir. 2001). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling her to relief. Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

Elkhart County's motion asserts that dismissal is appropriate because Ms. Pitts has presented no evidence showing the county had authority to act in a way affecting her employment. Plaintiffs need not, however, include all the facts or law

showing they can prevail on their claim. FED. R. CIV. P. 8(a); Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003).

The county also asserts that Ms. Pitts hasn't adequately pleaded her claims under 42 U.S.C. § 1981. However,

> [t]o allege that a municipal policy has violated an individual's civil rights under § 1981 or § 1983, [Ms. Pitts] need[s] to allege that (1) the [county] had an express policy that, when enforced, causes a constitutional deprivation; (2) the [county] had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority.

McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir. 2000). Ms. Pitts's complaint adequately comports with these requirements.

Consequently, the court DENIES the defendant's motion to dismiss [Doc. No. 23].

SO ORDERED.

ENTERED: July 13, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   all counsel