UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TINA PITTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-038 RLM |
| ) | |
| ELKHART COUNTY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On June 25, 2007, Plaintiff Tina Pitts (Pitts) filed a motion to amend her complaint to substitute the Elkhart County Sheriff's Department (Sheriff's Department) for Elkhart County as the defendant to this case. On July 2, 2007, Elkhart County filed an objection to Pitts' motion to amend her complaint. For the following reasons, Pitts' motion [Doc. 68] is **DENIED**.

**I.    PROCEDURE**

On January 18, 2005, Pitts filed her initial complaint alleging violations of 42 U.S.C. § 1981 against the Sheriff's Department and the City of Goshen.[1]  Pitts did not file suit against Elkhart County. On March 16, 2005, the Sheriff's Department filed a motion to dismiss Pitts' complaint against it on the basis that it was not a legal entity subject to suit.

In response to the motion to dismiss, on April 4, 2005, Pitts amended her complaint and substituted Elkhart County for the Sheriff's Department as the defendant to this action, which had the practical effect of dismissing the Sheriff's Department from the suit.  On May 9, 2005, this Court denied the Sheriff's Department's motion to dismiss as moot.

---

[1]On February 21, 2005, Pitts dismissed her complaint against the City of Goshen.

The final discovery deadline was May 1, 2007. After the discovery deadline, on June 25, 2007, Pitts filed her current motion to amend her complaint to substitute the Sheriff's Department for Elkhart County. Subsequently on July 2, 2007, Elkhart County filed an objection to Pitts' motion to amend her complaint, and Elkhart County also filed a motion for summary judgment. This Court may rule on Pitts' motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.     ANALYSIS**

In determining whether a party should be granted leave to file an amended complaint, this Court liberally applies Fed. R. Civ. P. 15(a), which allows for the liberal amendment of pleadings when justice so requires.  However, Fed. R. Civ. P. 16(b) specifically states that a schedule shall not be modified except upon a showing of good cause. This Court finds that Pitts has not established good cause and that it is not in the interests of justice to grant her motion to amend at this late stage of the proceedings

   A.     Good Cause

Pitts attempts to establish good cause for her recent motion to amend by arguing that she relied on the law as it existed when she amended her complaint and that the law has changed, which warrants the substitution of the Sheriff's Department for Elkhart County as the proper defendant.  Specifically, Pitts argues that formally a sheriff's department was not a suable entity at the time Pitts amended her complaint, but in February 2007, <u>Argandona v. Lake County Sheriff's Dept.</u>, 2007 WL 518799, at *3-5 (N.D. Ind. Feb. 13, 2007) stated the opposite, which was that a sheriff's department is a separate municipal entity that is subject to suit.  In other words, Pitts contends that she relied on the law in dismissing the Sheriff's Department, and now

that the law has changed, Pitts claims she should be allowed to substitute the Sheriff's Department as the defendant because it would have been the defendant in this case but for her reliance on the law.

Pitts argues that when she first amended her complaint, where Elkhart County was substituted as the defendant for the Sheriff's Department, the law at that time was that a sheriff's department has no separate corporate existence and therefore is not an entity subject to suit relying on Jones v. Bowman, 694 F. Supp. 538, 544 (N.D. Ind. 1983). Based on this Court's review of the law, this Court notes that there has not been a change in law from the time Pitts filed her original amended complaint to the filing of her current motion to amend.  In 1997 the Supreme Court decided McMillian v. Monroe County, Alabama, 520 U.S. 781 (1997) in which the Court indicated that § 1983 liability for local governments was premised on an analysis of state law.  The Jones court did not look to state law to determine whether a sheriff's department could be liable.  Thus, at the time of the McMillian decision in 1997, the law changed and the analysis from Jones v. Bowman was no longer applicable.

Therefore, because the law effectively changed with the Supreme Court's decision in McMillian, Pitts' argument is actually that the law was not clear until the 2006 decision of Argandona v. Lake County Sheriff's Dept.  However, a lack of clarity in the law is not a justification for Pitts' motion to amend.  Pitts should have been aware of the McMillian decision and Pitts should have been aware that in the state of Indiana a sheriff's department has long been recognized as an independent office. See Carver v. Crawford, 564 N.E.2d 330, 334 (Ind. Ct. App. 1990); Delk v. Bd. of Comm'rs of Delaware County, 503 N.E.2d 436, 440 (Ind. Ct. App. 1987).  Therefore, Pitts should have known at the time she amended her complaint to effectively

3

dismiss the Sheriff's Department that the Sheriff's Department was at least possibly a suable entity. However, Pitts chose to amend her complaint without the Sheriff's Department as a defendant in this case. Pitts made that decision at her own peril not by relying on the law, but by simply misunderstanding it. Because there has not been a change in the law, Pitts' attempt to establish good cause to amend the complaint at this late stage of the litigation is not persuasive.

      B.    <u>Prejudice Effect</u>

Regardless of Pitts' claim of good cause, this Court also looks at the prejudice the amendment would cause Elkhart County. Elkhart County argues that it will be prejudiced if Pitts is allowed to amend her complaint. Specifically, Elkhart County argues that it conducted discovery with an eye towards defending itself in the lawsuit, not to defend and exonerate the Sheriff's Department.[2] Inevitably, Elkhart County argues that if Sheriff's Department is substituted for Elkhart County, the Sheriff's Department will need to conduct more discovery after the discovery date has already closed.

Even if Pitts could establish good cause, and this Court believes she has not, this Court agrees that allowing Pitts to amend her complaint at this late date would be prejudicial to Elkhart County. Discovery closed on May 1, 2007, yet Pitts' motion would inevitably require discovery to be re-opened. If the Sheriff's Department were now added to the lawsuit, the issues, defenses, and overall complexion of the case would change. For example, Elkhart County has defended claiming that it was not Pitts' employer, and that it is not liable for claims against the Sheriff's Department. If the Sheriff's Department were the defendant, its defenses would be different. Inevitably, the Sheriff's Department would have to do more discovery. Re-opening discovery, or

---

[2] Pitts argues that Elkhart would not be prejudiced because Elkhart and the Sheriff's Department employed the same counsel in this case.

4

even allowing more discovery, at this stage in the litigation would prolong the litigation and run afoul to Fed. R. Civ. P. 1, which requires this Court to administer the rules in such a way ". . . to secure the just, speedy, and inexpensive determination of every action."

Pitts argues that all the claims and the newly added defendant in this case are substantially similar to other claims in this case in which discovery has already been performed. In essence, because the discovery that will need to be performed is so similar to discovery that has already been done, it will not take long and is more of an administrative burden than anything else.  This Court disagrees.

While the general allegations, and even defense counsel would not change, the defendant's counsel's approach to the lawsuit would. The Sheriff's Department was dismissed by Pitts and has not been the defendant since April 4, 2005. Defendant's counsel has approached this case with only the county as the defendant. Whether or not new defenses are added, the focus of the case shifts for defense counsel if the Sheriff's Department is substituted. Defense counsel's strategic decisions, legal theories, and possibly defenses would not be the same if the Sheriff's Department was substituted.  And, as discussed earlier, such a shift would require defense counsel to conduct more discovery to properly prepare this case for adjudication.

Furthermore, Elkhart County has even filed a motion for summary judgment that is nearly ripe for a ruling.  Substituting the parties in this lawsuit at this late stage would also shift the focus of the motion for summary judgment, which would make that motion for summary judgment inapplicable or moot.

The simple fact is that allowing Pitts to amend her complaint at this late phase of the litigation is an impediment for the parties in completing the next stage of this litigation and sends

this case backwards on the litigation track. Both effects are extremely prejudicial to Elkhart County. Furthermore, Pitts has not established good cause to amend her complaint. Pitts' motion to amend is **DENIED**.

### III. CONCLUSION

For the reasons stated, Pitts' motion to amend her complaint is **DENIED** [Doc. No. 68].

**SO ORDERED.**

Dated this 7th day of August, 2007.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge
